NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 24 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| YUNTAO HAO,<br><br>               Petitioner,<br><br>v.<br><br>MATTHEW G. WHITAKER, Acting<br>Attorney General,<br><br>               Respondent. | No.   16-72301<br><br>Agency No. A087-863-478<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 20, 2018**
San Francisco, California

Before: CALLAHAN, N.R. SMITH, and MURGUIA, Circuit Judges.

Yuntao Hao petitions for review of the dismissal of his appeal by the Board

of Immigration Appeals (BIA). We have jurisdiction under 8 U.S.C. § 1252, and

we deny the petition for review.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. Substantial evidence supports the BIA's decision that Hao failed to establish eligibility for asylum. *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009). First, Hao's experiences did not rise to the level of past persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). Hao was not arrested, detained, threatened, or harmed by the Chinese authorities. The only harm Hao personally suffered while he was in China was the shutting down of his blog.

Second, Hao also failed to establish a well-founded fear of future persecution. Hao did not establish either a sufficient individualized risk or a pattern or practice of persecution on account of any of his protected grounds. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009). The BIA found that (1) Chinese officials have not exhibited any interested in Hao since 2010, and (2) Hao was not the type of high profile activist that Chinese officials typically pursue.

The evidence that Chinese officials had sought out Hao twice after arriving in the United States and that his friends were arrested and detained presents subjective evidence of his fear of future persecution. However, this evidence is not so compelling that a reasonable fact finder would have to find he suffered past persecution or had an objectively reasonable fear of future persecution. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). Accordingly, Hao failed to establish eligibility for asylum.

2.     Because Hao failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Martinez-Sanchez v. INS*, 794 F.2d 1396, 1397 (9th Cir. 1986).

3.     Substantial evidence supports the BIA's denial of CAT relief, because Hao failed to show that it is more likely than not he will be tortured if he returns to China. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 363 (9th Cir. 2017).

**PETITION FOR REVIEW DENIED.**